DealeRICK, J.,
delivered the opinion of the Court.
This is an action of trespass, quare clausum fregit, brought in the Circuit Court of Perry county, by plaintiffs against defendant for trespass upon the lands of the intestate alleged to have been co'mmitted in his life time. The wife of the administrator was the heir of the intestate.
The court charged the jury that if the proof showed that the trespass complained of by the plaintiffs was committed in the life time of intestate, Jacob McCage, the ancestor of plaintiff’s wife, and that the action had since been brought by plaintiffs, founded on a title and possession which descended to them from McCage, then this suit could not be maintained.
It is admitted in argument that at common law this action could not be maintained, but it is insisted that it may be under s. 2846 of the Code, and the *231 construction of that section in Winters v. McGhee, 3 Sneed, 128. We do not think so. The Code provides that civil actions which had been commenced, whether founded on wrongs or contracts, except those for wrongs affecting the character of plaintiff, may be revived after plaintiff’s death, and in the case cited in 3 Sneed, the suit had been commenced by the ines-tate in his life time and • the revivor was allowed in the name of his executor, after his death under the act of 1836, ch. 77, similar in its provisions to s. 2846 of the Code, except that under the act of 1836 actions founded on wrongs affecting the person, as well as those affecting the character, were excluded. Plaintiff also relies upon the case of Kimbrough v. Mitchell, 1 Head, 539. Here Mitchell had brought suit and obtained judgment against Kimbrough for assault and battery. Kimbrough appealed in error to this Court. While the suit was pending in this Court Mitchell died. His personal representative made a motion to revive in his name. This was opposed, but the Court held that the recovery having been had in the life time of the injured party, the claim for damages was merged in the judgment and became a debt. That the appeal in error did not annul, but merely suspended, the judgment of the inferior court. We do not think either of the eases cited has any application to this case.
We are- therefore of opinion that there is no error in the judgment of the circuit court, and affirm it.